IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HYEJA CHOI, | ) | CIV. NO. 26-00160 HG-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JTB HAWAII INC.; TACHIBANA | ) | |
| ENTERPRISES LLC; JTB HAWAII | ) | |
| TRAVEL LLC; TRAVEL PLAZA | ) | |
| TRANSPORTATION LLC; JOYE | ) | |
| MIZUNO; TERUKO YOSHIDA; REIKO | ) | |
| MAESHIRO; MAKIKO NEALE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**ORDER DISMISSING THE COMPLAINT (ECF NO. 1) WITH PREJUDICE**

On April 7, 2025, Plaintiff Hyeja Choi filed a complaint in the Circuit Court of the First Circuit, State of Hawaii, 1CCV-25-0000576, against Defendants JTB Hawaii Inc.; Tachibana Enterprises LLC; JTB Hawaii Travel LLC; Travel Plaza Transportation LLC; Joye Mizuno; Teruko Yoshida; Reiko Maeshiro; and Makiko Neale.

On July 29, 2025, the Hawaii State Circuit Court issued an order designating Plaintiff Choi as a vexatious litigant.

On January 26, 2026, the Hawaii State Circuit Court entered judgment in favor of Defendants.

On February 13, 2026, Plaintiff filed a Notice of Appeal to the Hawaii Intermediate Court of Appeals.

On March 30, 2026, Plaintiff Choi filed this Complaint in

1

the United States District Court, requesting that this Court review the Hawaii State Court vexatious litigant order against her.

Plaintiff Choi's Complaint filed in Federal Court is barred by the Rooker-Feldman doctrine.  The Federal Court cannot act as an appellate court to the State Court system.

The Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE.**

## STANDARD OF REVIEW

Courts are obligated to consider subject-matter jurisdiction sua sponte even when not raised by the parties.  Gonzalez v. Tahler, 565 U.S. 134, 141 (2012).  Federal Rule of Civil Procedure 12(b)(1) requires that a case must be dismissed for lack of subject-matter jurisdiction when the Court lacks a constitutional or statutory basis to adjudicate the controversy. Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 975 (9th Cir. 2012).

A challenge to the Court's subject-matter jurisdiction may be "facial or factual."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial challenge mirrors a traditional motion to dismiss analysis.  The Court must take all allegations contained in the pleading "to be true and draw all reasonable inferences in [its] favor."  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

## ANALYSIS

As an initial matter, because Plaintiff Choi is proceeding pro se, the Court construes the pleadings liberally.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**I.   The Rooker-Feldman Doctrine Bars Federal Court Review Of State Court Decisions**

Pursuant to the Rooker-Feldman doctrine, federal courts are without subject-matter jurisdiction to review state court decisions.  Mothershed v. Justs. of the Sup. Ct., 410 F.3d 602, 606 (9th Cir. 2005) (citing Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486–87 (1983)).

Federal District Courts are barred from exercising jurisdiction over direct appeals of state court decisions and any de facto equivalent of such an appeal.  Cooper v. Ramos, 704 F.3d 772, 777 (9th Cir. 2012).  A de facto appeal is found when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court and seeks relief from the judgment of the state court.  Id. at 778.

Federal District Courts lack jurisdiction to review challenges to state court decisions, even if the federal lawsuit alleges that the state court's action was unconstitutional, as those challenges may only be reviewed by the United States

Supreme Court.  Mothershed, 410 F.3d at 607.  As-applied constitutional claims are also barred because they constitute de facto appeals of state court decisions.  Scheer v. Kelly, 817 F.3d 1183, 1186 (9th Cir. 2016).

**II.   Plaintiff Choi's Complaint Is Barred By The Rooker-Feldman Doctrine**

Plaintiff Choi filed a Complaint in this Court seeking to review of a decision by the Circuit Court of the First Circuit, State of Hawaii, in 1CCV-25-0000576.  Here, Plaintiff Choi seeks review of the Hawaii Circuit Court decision that designated her as a vexatious litigant.  (See Complaint at ¶¶ 6-10, 13-15, 17, 19-23, ECF No. 1).

This Court lacks jurisdiction to review the Hawaii State Court's decision.  Mothershed, 410 F.3d at 607.  The Court is also precluded from reviewing Plaintiff Choi's constitutional challenges to the manner in which the Hawaii State Court conducted its proceedings.  Scheer, 817 F.3d at 1186.

The Court declines to give Plaintiff leave to amend as it is clear that any attempt to amend would be futile as her claims would suffer from the same defects pursuant to the Rooker-Feldman doctrine.  McQuillion v. Schwarzenegger, 369 F.3d 1091, 1099 (9th Cir. 2004); see Gonsalves v. Judge Morikone, Civ. No. 25-00058 DKW-WRP, 2025 WL 524396, at *2 (D. Haw. Feb. 18, 2025).

4

**CONCLUSION**

Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE.**

The Clerk of Court is **ORDERED** to enter Judgment in favor of Defendants and **CLOSE THE CASE.**

IT IS SO ORDERED.

DATED: April 15, 2026, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

Hyeja Choi v. JTB Hawaii Inc.; Tachibana Enterprises LLC; JTB Hawaii Travel LLC; Travel Plaza Transportation LLC; Joye Mizuno; Teruko Yoshida; Reiko Maeshiro; Makiko Neale, Civ. No. 26-00160 HG-KJM; **ORDER DISMISSING THE COMPLAINT (ECF NO. 1) WITH PREJUDICE**