IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| HYEJA CHOI, | ) ) Civ. No. 26-00160 HG-KJM |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| | ) ) |
| JTB HAWAII INC.; TACHIBANA ENTERPRISES LLC; JTB HAWAII TRAVEL LLC; TRAVEL PLAZA TRANSPORTATION LLC; JOYE MIZUNO; TERUKO YOSHIDA; REIKO MAESHIRO; MAKIKO NEALE, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 10)**

On July 29, 2025, the Hawaii State Circuit Court issued an order designating Plaintiff Choi as a vexatious litigant.

On March 30, 2026, Plaintiff Choi, proceeding pro se, filed a Complaint in the United States District Court.  (ECF No. 1). The Complaint requested that this Court review the Hawaii State Court vexatious litigant order against her.  (Id.)  Plaintiff's Complaint claimed that the State Court vexatious litigant order violated her Constitutional rights.  (Id.)

On April 15, 2026, this Court issued an ORDER DISMISSING THE COMPLAINT WITH PREJUDICE.  (ECF No. 8).  The Court ruled that Plaintiff Choi's Complaint was barred by the Rooker-Feldman

1

doctrine.  The Order explained that the Federal Court cannot act as an appellate court to the State Court system.  The Court denied leave to amend because any amendment would be futile.

On April 15, 2026, Judgment was entered.  (ECF No. 9).

On May 13, 2026, Plaintiff filed a Motion for Reconsideration.  (ECF No. 10).

Plaintiff's Motion for Reconsideration does not present any new or previously unavailable law or evidence.  The Motion does not present any error of fact or law in the Court's April 15, 2026 Order.  Reconsideration is not warranted.

Plaintiff's Motion for Reconsideration (ECF No. 10) is **DENIED.**

## STANDARD OF REVIEW

A motion for reconsideration filed within twenty-eight days of entry of judgment is considered a motion filed pursuant to Federal Rule of Civil Procedure 59(e).  <u>Rishor v. Ferguson</u>, 822 F.3d 482, 489-90 (9th Cir. 2016).  The Ninth Circuit Court of Appeals has set forth the following grounds justifying reconsideration pursuant to Rule 59(e):

(1)  If such motion is necessary to correct manifest errors of law or fact upon which the judgment rests;

(2)  If such motion is necessary to present newly discovered or previously unavailable evidence;

(3)  If such motion is necessary to prevent manifest injustice; or,

2

(4)  If an amendment to the judgment is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011).  There may also be other, highly unusual, circumstances warranting reconsideration.  Sch. Dist. No. 1J, Multnomah Cnt., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  The decision to grant reconsideration is committed to the sound discretion of the district court.  Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000).

**ANALYSIS**

The Court construes the pleading liberally because Plaintiff is proceeding pro se.  Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

Even liberally construed, Plaintiff's Motion does not establish grounds to justify reconsideration pursuant to Federal Rule of Civil Procedure 59(e).

Plaintiff presents no new or previously unavailable law or evidence in support of her Motion to Reconsider.

Plaintiff argues that the Hawaii State Court vexatious litigant order against her is unconstitutional and asks that this Court review the Order.

As the Court explained in the April 15, 2026 dismissal order, Plaintiff's Complaint is barred by the Rooker-Feldman doctrine even if Plaintiff claims that the Hawaii State

3

Court vexatious litigant order is unconstitutional.  Mothershed v. Justs. of the Sup. Ct., 410 F.3d 602, 606 (9th Cir. 2005) (citing Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486–87 (1983)).

Federal District Courts lack jurisdiction to review challenges to state court decisions, even if the federal lawsuit alleges that the state court's action was unconstitutional, as those challenges may only be reviewed by the United States Supreme Court.  Mothershed, 410 F.3d at 607.  As-applied constitutional claims are also barred because they constitute de facto appeals of state court decisions.  Scheer v. Kelly, 817 F.3d 1183, 1186 (9th Cir. 2016).

Leave to amend was not warranted because any amendment would be futile.  Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011).

Plaintiff has not identified any error of law or fact, any newly discovered or previously unavailable evidence, any change in law, or any other circumstance that would require reconsideration of this matter.  Allstate Ins. Co., 634 F.3d at 1111.  Plaintiff's disagreement with the Court's April 15, 2026 order is not a basis for reconsideration.  White v. Sabatino, 424 F.Supp.2d 1271, 1274 (D. Haw. 2006).

In her Motion for Reconsideration, Plaintiff also requests that her filing fee be returned.  Filing fees for initiating a

lawsuit in the Federal District Court are authorized by 28 U.S.C. § 1914 and are part of the costs of litigation.  Federal District Courts have routinely ruled that there is no authority to refund a filing fee after the plaintiff initiates litigation, even if the plaintiff voluntarily dismisses the case.  Duclairon v. LGBTQ Commn., 2018 WL 5085754, *1 (D. Or. Oct. 17, 2018); Grindling v. Martone, Civ. No. 12-00361 LEK-BMK, 2012 WL 4502954, *1-*2 (D. Haw. Sept. 28, 2012).  The Court has expended significant resources in issuing two written orders in this case.  Plaintiff is not entitled to a return of her filing fee.

## CONCLUSION

Plaintiff's Motion to Reconsider (ECF NO. 10) is **DENIED.**

The Clerk of the Court is ordered to close the case.

Except for a Notice of Appeal, no further filings in this case will be accepted by the District Court without prior permission of the District Judge.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 20, 2026.

Helen Gillmor
United States District Judge

Hyeja Choi v. JTB Hawaii Inc.; Tachibana Enterprises LLC; JTB Hawaii Travel LLC; Travel Plaza Transportation LLC; Joye Mizuno; Teruko Yoshida; Reiko Maeshiro; Makiko Neale, Civ. No. 26-00160 HG-KJM; **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 10)**                                            5